IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00152-BNB

MANUEL DEPINEDA,

     Applicant,

v.

TOM CLEMENTS,
JANICE DAVIDSON,
ANTHONY YOUNG, Colo. P.B., and
JOHN SUTHERS, Colo. A.G.,

     Respondents.

---

ORDER DIRECTING APPLICANT TO FILE AMENDED PLEADING

---

Applicant, Manuel DePineda, is a prisoner in the custody of the Colorado
Department of Corrections at the Fremont Correctional Facility in Cañon City, Colorado.
Mr. DePineda has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to
28 U.S.C. § 2241.  The court must construe the application liberally because Mr.
DePineda is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519,
520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the
court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For
the reasons stated below, Mr. DePineda will be ordered to file an amended application if
he wishes to pursue any claims challenging the execution of his sentence in this action.

Mr. DePineda's claims in the application are not clear.  He appears to be
challenging the validity of his conviction and sentence and the execution of his
sentence. The court lacks jurisdiction to consider the validity of Mr. DePineda's
conviction and sentence because Mr. DePineda has not obtained authorization from the

United States Court of Appeals for the Tenth Circuit to file a second or successive application.  *See DePineda v. Clements*, No. 12-cv-03089-LTB (D. Colo. Nov. 30, 2012) (dismissing for lack of jurisdiction Mr. DePineda's most recent successive habeas corpus application challenging the validity of his conviction and sentence).

With respect to the execution of his sentence, Mr. DePineda refers in the application to the parole board and the computation of his sentence that may not be barred by the limitations on filing second or successive applications.  However, in order to address those claims, Mr. DePineda must provide a clear statement of the claims he is asserting.  Therefore, Mr. DePineda will be ordered to file an amended application.

Mr. DePineda must name an appropriate Respondent in the amended pleading he will be directed to file.  The law is well-established that the only proper respondent to a habeas corpus action is the applicant's custodian.  *See* 28 U.S.C. § 2242; Rules 2(a), Rules Governing Section 2254 Cases in the United States District Courts; *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995).  Because Mr. DePineda currently is incarcerated at the Fremont Correctional Facility, he should name the warden of that facility as Respondent.

More importantly, Mr. DePineda must clarify the federal constitutional claims challenging the execution of his sentence that he seeks to assert in this action.  Pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, which apply to Mr. DePineda's claims challenging the execution of his sentence pursuant to § 2241, Mr. DePineda must identify the specific federal constitutional claims he is asserting, and he must provide specific factual allegations in support of each asserted claim.  The habeas corpus rules are more

2

demanding than the rules applicable to ordinary civil actions, which require only notice pleading. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005).  "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'"  *Id.* at 656 (quoting 28 U.S.C. § 2243).  Naked allegations of constitutional violations are not cognizable in a habeas corpus action.  *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).  Accordingly, it is

ORDERED that Mr. DePineda file an amended application that complies with this order **within thirty (30) days from the date of this order**.  It is

FURTHER ORDERED that Mr. DePineda shall obtain the court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that if Mr. DePineda fails to file an amended application that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED February 7, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge