IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00152-BNB

MANUEL DePINEDA,

      Applicant,

v.

ANGEL MEDINA, Warden FCF,

      Respondent.

---

## ORDER OF DISMISSAL

---

Applicant, Manuel DePineda, is a prisoner in the custody of the Colorado

Department of Corrections (DOC) at the Fremont Correctional Facility in Cañon City,

Colorado.  Mr. DePineda initiated this action by filing *pro se* an Application for a Writ of

Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1).  On February 7, 2013,

Magistrate Judge Boyd N. Boland entered an order directing Mr. DePineda to file an

amended pleading if he wishes to pursue any claims in this action.  Magistrate Judge

Boland specifically noted that Mr. DePineda appeared to be raising claims challenging

both the validity of his conviction and sentence as well as the execution of his sentence;

that the Court lacks jurisdiction to consider Mr. DePineda's claims challenging the

validity of his conviction and sentence because he has not obtained authorization to file

a second or successive application; and that Mr. DePineda failed to provide a clear

statement of any claims challenging the execution of his sentence.  On March 4, 2013,

Mr. DePineda filed an amended Application for a Writ of Habeas Corpus Pursuant to 28

U.S.C. § 2241 (ECF No. 8).

The Court must construe the amended application liberally because Mr. DePineda is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the action will be dismissed.

Mr. DePineda asserts three claims for relief in the amended application, but they are not clearly stated.  Construing the amended application liberally, it appears that Mr. DePineda seeks to challenge the validity of his conviction and sentence and possibly also the execution of his sentence.  Claims one and three in the amended application, in which Mr. DePineda contends that his sentence is unconstitutional because he was denied a bifurcated hearing (claim one) and denied the effective assistance of counsel and a fair trial (claim three), challenge the validity of his conviction and sentence.  Claim two may relate to the execution of his sentence because he refers to parole board guidelines and DOC regulations, but the specifics of the claim are not clear.

The Court first will address Mr. DePineda's claims challenging the validity of his conviction and sentence, which the Court construes as being asserted pursuant to 28 U.S.C. § 2254.  *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000).  Mr. DePineda previously has sought habeas corpus relief in this Court pursuant to § 2254 challenging the validity of his state court conviction and sentence.  *See DePineda v. McKenna*, No. 90-cv-01443-SGF-DEA (D. Colo. Oct. 17, 1990), *appeal dismissed*, No. 90-1312, 1991 WL 65066 (10th Cir. Apr. 24, 1991); *DePineda v. Gunter*, No. 91-cv-00977-DBS-RMB (D. Colo. Aug. 5, 1991), *appeal dismissed*, No. 91-1294, 1991 WL

2

268841 (10th Cir. Dec. 11, 1991); *DePineda v. Cooper*, No. 92-cv-01400-LTB (D. Colo.

Nov. 16, 1992), *aff'd*, No. 93-1212, 1993 WL 482907 (10th Cir. Nov. 22, 1993);

*DePineda v. Gunter*, No. 93-cv-00446-EWN (D. Colo. Apr. 30, 1994); *DePineda v.*

*Zavaras*, No. 93-cv-02665-LTB (D. Colo. Jan. 20, 1994), *aff'd*, No. 94-1052, 1994 WL

475019 (10th Cir. Sept. 1, 1994); *DePineda v. Golder*, No. 03-cv-01106-ZLW (D. Colo.

July 1, 2003); *DePineda v. Ortiz*, No. 04-cv-01199-ZLW (D. Colo. July 20, 2004);

*DePineda v. Ortiz*, No. 05-cv-00691-ZLW (D. Colo. Apr. 22, 2005); *DePineda v. Milyard*,

No. 09-cv-02009-ZLW (D. Colo. Sept. 16, 2009), *appeal dismissed*, No. 09-1424 (10th

Cir. Dec. 10, 2009); *DePineda v. Milyard*, No. 09-cv-02594-ZLW (D. Colo. Nov. 20,

2009), *appeal dismissed*, No. 09-1540 (10th Cir. Feb. 11, 2010); *DePineda v. Clements*,

No. 12-cv-02066-LTB (D. Colo. Aug. 14, 2012); *DePineda v. Clements*, No. 12-cv-

03089-LTB (D. Colo. Nov. 30, 2012), *appeal dismissed*, No. 12-1489 (10th Cir. Jan. 9,

2013).   One of these prior actions was dismissed without prejudice for failure to exhaust

state remedies.  *See* 92-cv-01400-LTB.  Four were dismissed on the merits.  *See* 93-cv-

02665-LTB; 93-cv-00446-EWN; 91-cv-00977-DBS-RMB; 90-cv-01443-SGF-DEA.

Three were transferred to the Tenth Circuit because Mr. DePineda had not obtained

authorization from that court to file a second or successive application.  *See* 05-cv-

00691-ZLW; 04-cv-01199-ZLW; 03-cv-01106-ZLW.  Mr. DePineda's most recent

habeas corpus actions were dismissed for lack of jurisdiction because he had not

obtained the necessary authorization to file a second or successive application.  *See*

13-cv-03089-LTB; 12-cv-02066-LTB; 09-cv-02594-ZLW; 09-cv-02009-ZLW.

Although Mr. DePineda fails to list any of these prior actions in the amended

application (*see* ECF No. 8 at 4-5), the Court may take judicial notice of its own records

and files that are part of the Court's public records, *see St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979).  The Court has examined the records for the cases listed above and finds that Mr. DePineda previously has challenged the validity of his conviction and sentence.  Therefore, the instant application is a second or successive application to the extent Mr. DePineda again is challenging the validity of his conviction and sentence.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), Mr. DePineda must apply to the United States Court of Appeals for the Tenth Circuit for an order authorizing this Court to consider his second or successive habeas corpus application.  *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam).  In the absence of such authorization, the Court lacks jurisdiction to consider the merits of the claims asserted in a second or successive § 2254 application.  *See id.* at 1251.  An applicant seeking authorization to file a second or successive application for a writ of habeas corpus pursuant to § 2254 must demonstrate that any claim he seeks to raise is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A); or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."  28 U.S.C. § 2244(b)(2)(B).

Mr. DePineda does not allege that he has obtained authorization from the Tenth Circuit to file a second or successive § 2254 application.  Therefore, the Court must

4

either dismiss the claims challenging the validity of his conviction and sentence for lack

of jurisdiction or, if it is in the interest of justice, transfer these claims to the Tenth Circuit

pursuant to 28 U.S.C. § 1631. *In re Cline*, 531 F.3d at 1252. The factors to be

> considered in deciding whether a transfer is in the interest of
> justice include whether the claims would be time barred if
> filed anew in the proper forum, whether the claims alleged
> are likely to have merit, and whether the claims were filed in
> good faith or if, on the other hand, it was clear at the time of
> filing that the court lacked the requisite jurisdiction.

*Id.* at 1251. When "there is no risk that a meritorious successive claim will be lost

absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is

not in the interest of justice to transfer the matter." *Id.* at 1252.

Mr. DePineda's claims in this action that challenge the validity of his conviction

and sentence are not based on either a new rule of constitutional law or newly

discovered evidence as required pursuant to § 2244(b)(2). Therefore, the Court finds

that a transfer is not in the interest of justice for that reason alone. *See id.*

Consideration of the other relevant factors also supports this conclusion.

Although it appears that Mr. DePineda's claims challenging the validity of his conviction

and sentence would be time-barred if filed anew in the proper forum, it appears that the

claims would be time-barred even if Mr. DePineda had sought proper authorization prior

to filing in this Court. There also is no indication that the claims Mr. DePineda seeks to

raise challenging the validity of his conviction and sentence have any merit. Finally, it

was clear when the instant action was filed that this Court lacks jurisdiction over those

claims. As noted above, Mr. DePineda has been advised in numerous prior habeas

corpus actions that this Court lacks jurisdiction to consider his claims in a second or

successive application in the absence of authorization by the Tenth Circuit. As a result, the Court finds that a transfer of his claims challenging the validity of his conviction and sentence to the Tenth Circuit is not in the interest of justice. Instead, those claims, which are claims one and three in the amended application, will be dismissed for lack of jurisdiction.

To the extent Mr. DePineda may be challenging the execution of his sentence in claim two of the amended application, it does not appear that the claim is barred by the limitations on filing a second or successive application. However, the claim still must be dismissed because Mr. DePineda fails to provide a clear statement of any claim challenging the execution of his sentence.

Magistrate Judge Boland advised Mr. DePineda in the order directing him to file an amended pleading that Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts apply to this habeas corpus action and that those rules require him to identify the specific federal constitutional claims he is asserting and the specific factual allegations that support each asserted claim. Mr. DePineda also was advised that these habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" *Id.* at 656 (quoting 28 U.S.C. § 2243). Thus, naked allegations of constitutional violations are not cognizable in a habeas corpus action. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

6

Despite these warnings, the amended application Mr. DePineda filed in this action does not include any specific claims for relief challenging the execution of his sentence.  Although Mr. DePineda refers within claim two in the amended application to parole board guidelines and DOC regulations, he fails to provide a clear statement of a constitutional claim with respect to those parole board guidelines and DOC regulations. Even construing the amended application liberally, the Court is unable to discern what constitutional claim Mr. DePineda may be raising that challenges the execution of his sentence.  As a result, claim two in the amended application is not adequate to demonstrate Mr. DePineda is entitled to relief and that claim will be dismissed for failure to comply with the habeas corpus pleading rules.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the habeas corpus application (ECF No. 1) and the amended application (ECF No. 8) are denied and the action is dismissed.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  8th  day of __March__, 2013.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court